## BUCKNER v. LEVINE.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 8685. Decided June 11, 1928.

Middleton, P.J. and Mauck, J., of the 4th Dist., sitting.

**First Publication of This Opinion.**

Syllabus by Editorial Staff.

**TRIAL**

(590 Nc) A verdict was returned and a judgment entered thereon. Subsequently, at the same term, a motion for new trial was filed, but no action was taken thereon until the next term, when the motion was overruled. Thereupon, and at the latter term, a motion for rehearing of the motion was filed and granted. At the next succeeding term the application was heard and the judgment set aside and a new trial granted. **Held,** that the entry vacating the judgment on rehearing was no more than a disposition of the original motion for a new trial; that the legal effect of granting the rehearing was in effect to vacate the order overruling the motion for a new trial and also the judgment which followed the former order overruling said motion.

Error to Common Pleas.

*Judgment affirmed.*

C. F. McConnell, Cleveland, for Buckner.
N. E. Cook, Cleveland, for Levine.

STATEMENT OF FACTS.

This is an action for damages brought by the plaintiff in error against the defendants in error, which was tried to a jury in the Court of Common Pleas, resulting in a verdict against the defendants for a substantial amount of money, and which verdict was returned on March 21st, 1927.

The record shows that, on March 23rd, 1927, a motion for a new trial was filed by the defendant. On April 30th, 1927, this motion for a new trial was overruled and the court thereupon entered judgment in favor of the plaintiff in error for the amount returned by the jury in their verdict.

It should be observed at this time that the motion for a new trial was filed, but not disposed of during the January Term of the Court and that said motion was overruled and judgment entered at the April Term of said court. It further appears from the record that, on May 27th, 1927, and during said April Term of court, an application for rehearing of the motion for a new trial was filed. On June 2nd, 1927, the following entry was made on said application:

"The application for the re-hearing of the motion for a new trial in the above entitled action came on to be heard and upon good cause being shown to the Court, the application for a re-hearing is hereby granted."

This order and entry were made during the April Term of Court and being the same term at which, as above observed, judgment was rendered and the motion for a new trial overruled. On August 9th, 1927, the following entry was made in this case:

"This cause came on to be heard on the motion of the defendants for a re-hearing

of the motion for a new trial, and the Court being fully advised in the premises, finds that said motion for a new trial should be granted and that the judgment heretofore rendered in the above entitled cause should be set aside and the defendants granted a new trial. It is therefore, ordered, adjudged and decreed that the entry of the judgment heretofore made in the above cause is hereby set aside and held for naught and the hearing of the motion for a new trial is hereby granted to the said defendants, to all of which plaintiff excepts."

The case is here on the exceptions noted to the entry last made and it is claimed that as the judgment was not vacated or the motion for a new trial overruled during the April Term of Court, that the court was without jurisdiction to make the entry of August the 9th and that the order and judgment in that entry is contrary to law and should be reversed.

MIDDLETON, P.J.

In the case of Huber Manufacturing Company vs. Sweeney, 57 OS. 169, the court had before it the consideration of an application for re-hearing of a motion for a new trial and cites authorities to the effect that the Court of Common Pleas has control of its own orders and judgments during the term at which they were rendered.

In the instant case the application for a re-hearing of the motion for a new trial was filed during the term at which said motion for a new trial was overruled and as appears from the entry made under date of June the 2nd, that application was granted during the same term of court. It is manifest, we think, that the court had power under these facts to grant such re-hearing and that the effect of the entry then made allowing such re-hearing was to vacate ipso facto its former order overruling said motion for a new trial, and that the order granting such re-hearing left the case then depending on said motion for a new trial and the judgment theretofore rendered was thereby vacated. It appears from the record that the case then went into the succeeding term of court with the motion for a new trial still pending and not disposed of.

On August the 9th, it appears from the entry complained of that the motion for a new trial was sustained. The recital in that entry that the cause came on for a re-hearing on said motion, is merely a repetition of what appears in the entry of June the 2nd. The entry of August the 9th was in fact, and so recites, a disposition of the origial motion for a new trial and not a disposition of an application for a re-hearing thereon.

As we view the facts in this case, the court had full authority on August the 9th to hear and determine the motion for a new trial and when that motion was granted, the case then stood for trial. As before observed, the legal effect of the order made on June the 2nd granting a re-hearing, was to vacate the former order overruling said motion and also the judgment which had followed the overruling of said motion, and this is so, notwithstanding the entry does not express such results.

(Mauck, J., concurs.)